IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| ERIC O'KEEFE, and<br>WISCONSIN CLUB FOR GROWTH, INC.,<br><br>        Plaintiffs,<br><br>   v.<br><br>FRANCIS SCHMITZ, in his official and personal capacities,<br>JOHN CHISHOLM, in his official and personal capacities,<br>BRUCE LANDGRAF, in his official and personal capacities,<br>DAVID ROBLES, in his official and personal capacities,<br>DEAN NICKEL, in his official and personal capacities, and<br>GREGORY PETERSON, in his official capacity,<br>        Defendants. | Civil Case No. _____ |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE OVERSIZED
MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION**

Pursuant to Civil L. R. 7(f), Plaintiffs Eric O'Keefe and Wisconsin Club for Growth ("Plaintiffs"), through their counsel, respectfully move this Court for leave to file an oversized Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction ("Memorandum"). A copy of their proposed Memorandum is attached as an exhibit to this motion.

In support, Plaintiffs state as follows:

1. Civil L. R. 7(f) would limit Plaintiffs' Memorandum to 30 pages, not counting the cover page, caption, tables, and signature block. The Rule allows that the Court may grant leave to file an oversized memorandum.

2. Plaintiffs have filed a complaint challenging the constitutionality of a wide-ranging investigation ███████████████████████████████████████████

███████████████████████████████████████ This has occurred against the backdrop of a contentious debate in Wisconsin over public-sector collective bargaining reforms and a record number of recall elections. The complaint alleges five separate constitutional causes of action related to the investigation, and four of those causes of action are at issue in this Preliminary Injunction Motion.[1]

3. To obtain relief from the ongoing investigation, Plaintiffs must establish a substantial likelihood of success on the merits through evidence that the investigation "was brought in bad faith for the purpose of retaliating for or deterring the exercise of constitutionally protected rights." *Collins v. Kendal County, Illinois*, 807 F.2d 95, 97-98 (7th Cir. 1986). This standard can be satisfied through a showing that the investigation was undertaken with no hope of obtaining a valid conviction or through a showing of actual bad faith. *Id.* Plaintiffs have a strong basis for making both showings, requiring briefing as to both.

(A) 

---

[1] Plaintiffs are not at this time seeking a preliminary injunction against the investigation's secrecy orders, which is the subject of Count V of Plaintiffs' Complaint.

(B) ███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███ This requires discussing not only what activities Plaintiffs engaged in, but also the activities of similarly situated individuals and organizations with opposing political views and ties. Both showings are fact-intensive.

(C) In addition, decisions on bad faith prosecution claims have considered background events demonstrating political contention to be relevant to showing a bad faith motive. *See, e.g.*, *Torres v. Frias*, 68 F. Supp. 2d 935 (N.D. Ill. 1999). For that reason, Plaintiffs believe it appropriate to draw the Court's attention to the facts and circumstances surrounding the investigation.

(D) Plaintiffs' request for a preliminary injunction on Counts I, II, and IV of Plaintiffs' complaint, which concern causes of action for retaliation, selective targeting, and First Amendment privilege, each implicate different legal standards, requiring briefing on these as well.

4. Also, to succeed on their motion, Plaintiffs must establish the other elements for preliminary injunction relief: irreparable harm, equities favoring an injunction, and public interest favoring an injunction.

5. Plaintiffs' counsel have taken care to avoid duplication and write with concision, and the resulting brief that they believe adequately advocates Plaintiffs' position exceeds 40 pages. Granting leave to file that brief would further the interests of both fairness and judicial economy. Fairness, because the Preliminary Injunction Motion concerns Plaintiffs' constitutional

rights to engage in free speech and association during the pendency of this case, and the brief is no longer than necessary for Plaintiffs to address the continuing injuries that they suffer. Judicial economy, because the Preliminary Injunction Motion will allow the Court to address several issues critical to this matter and establish the law of the case as to those issues in a single proceeding, rather than doing so in a piecemeal fashion.

6. If the Court grants their motion for leave to file an oversized memorandum, Plaintiffs will not oppose a reasonable request by Defendants to be granted the same privilege.

7. Plaintiffs certify that no memorandum or other supporting papers will be filed in support of this motion.

WHEREFORE, Plaintiffs respectfully ask this Court to grant their motion for leave to file an oversized memorandum, and to accept the memorandum attached as an exhibit as their Memorandum of Law in Support of Plaintiffs' Preliminary Injunction.

Dated:   February 10, 2014     Respectfully submitted,

    /s/ David B. Rivkin

Edward H. Williams     David B. Rivkin*
BakerHostetler LLP     Gregory L. Baker*
191 North Wacker Drive, Suite 3100     Lee A. Casey*
Chicago, IL 60606     Mark W. DeLaquil*
(312) 416-6229     Andrew M. Grossman*
ehwilliams@bakerlaw.com     Richard B. Raile*
     BakerHostetler LLP
     1050 Connecticut Ave., N.W., Suite 1100
     Washington, D.C. 20036
     (202) 861-1731
     drivkin@bakerlaw.com

     *Attorneys for Plaintiffs*

* Admission to the Eastern District of Wisconsin pending

# CERTIFICATE OF SERVICE

I, Edward H. Williams, an attorney, certify that a true copy of the foregoing PLAINTIFFS' MOTION FOR LEAVE TO FILE OVERSIZED MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION was served on February 10, 2014, upon the following by U.S. Mail:

Francis Schmitz
Law Offices of Francis Schmitz
W240 N1221 Pewaukee Rd.
Waukesha, WI 53188

John Chisholm
Safety Building
821 W. State Street, Rm. 405
Milwaukee, WI 53233

Bruce Landgraf
Safety Building
821 W. State Street, Rm. 405
Milwaukee, WI 53233

David Robles
Safety Building
821 W. State Street, Rm. 405
Milwaukee, WI 53233

Patrick J. Fiedler
Axley Brynelson, LLP
2 E. Mifflin St., Ste. 200
Madison, WI 53703
608-283-6753
pfiedler@axley.com

Gregory A. Peterson
Reserve Judge
Tenth District Court Administrator's Office
4410 Golf Terrace, Suite 150
Eau Claire, WI 54701

*Attorney for Defendant Dean Nickel*

Counsel will further arrange for hand delivery as quickly as practicable and supplement this certificate of service accordingly.

    /s/ Edward H. Williams

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

ERIC O'KEEFE, and
WISCONSIN CLUB FOR GROWTH,
   INC.,

       Plaintiffs,

  v.

FRANCIS SCHMITZ, in his official and
   personal capacities,
JOHN CHISHOLM, in his official and
   personal capacities,
BRUCE LANDGRAF, in his official and
   personal capacities,
DAVID ROBLES, in his official and
   personal capacities,
DEAN NICKEL, in his official and personal
   capacities, and
GREGORY PETERSON, in his official
   capacity,
       Defendants.

Civil Case No. _____

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE
OVERSIZED MEMORANDUM IN SUPPORT OF PRELIMINARY INJUNCTION**

Plaintiffs' Motion for Leave to File Oversized Memorandum in Support of Preliminary Injunction is GRANTED, and the Clerk of Court is ordered to file Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction, attached to Plaintiffs' Motion for Leave.

**IT IS SO ORDERED.**