# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ERIC O'KEEFE and
WISCONSIN CLUB FOR GROWTH, Inc.,

        Plaintiffs,

  -vs-

FRANCIS SCHMITZ, in his official and personal capacities,

JOHN CHISHOLM, in his official and personal capacities,

BRUCE LANDGRAF, in his official and personal capacities,

DAVID ROBLES, in his official and personal capacities,

DEAN NICKEL, in his official and personal capacities, and

GREGORY PETERSON, in his official capacity,

        Defendants.

Case No. 14-C-139

## DECISION AND ORDER

On April 8, the Court denied the defendants' various motions to dismiss. ECF No. 83, 2014 WL 1379934. This was only after the Court set an expedited briefing schedule on those motions, promising a decision by a specific date in light of the plaintiffs' allegations of ongoing irreparable harm. The denial of the defendants' motions to dismiss — at minimum — meant that the Court would decide the plaintiffs'

motion for a preliminary injunction. The defendants now attempt to derail this ruling by appealing the Court's decision and moving to stay pending appeal.

In response, the plaintiffs cross-move for an order certifying the defendants' appeals as frivolous. *See Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989) ("a notice of appeal may be so baseless that it does not invoke appellate jurisdiction"). The Court is inclined to agree that the appeals are frivolous, especially as it pertains to the defendants' argument that the plaintiffs somehow failed to state a claim under *Ex Parte Young*. Decision and Order at 13 (describing the argument as "simply wrong"). For now, it suffices to hold, as discussed below, that the notice of appeal clearly does not deprive the Court of jurisdiction to rule on the injunction motion.

Although "the filing of a timely notice of appeal confers jurisdiction over the matter on the court of appeals and divests the district court of its control," that rule "does not operate . . . where there is a purported appeal from a nonappealable order . . . ." *JPMorgan Chase Bank, N.A. v. Asia Pulp & Paper Co., Ltd.*, 707 F.3d 853, 860 n.7 (7th Cir. 2013). The question then becomes whether the Court's denial of a motion to dismiss for failure to state a claim under *Ex Parte Young* is immediately appealable under the collateral order doctrine. Collateral-order review is based on a "practical" construction of 28 U.S.C. § 1291; it is not an exception to the final-judgment rule. *Ott v. City of Milwaukee*, 682 F.3d 552, 554 (7th Cir. 2012) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867 (1994)). The collateral-order doctrine "confers finality on an

otherwise interlocutory order if the order conclusively resolves an important question completely separate from the merits of the action and the question is effectively unreviewable on appeal from a final judgment." *JPMorgan* at 868.

The defendants cite *Goshtasby v. Bd. of Trustees of the Univ. of Ill.*, 123 F.3d 427, 428 (7th Cir. 1997), which held that the district court must stay proceedings after an appeal by the state under the Eleventh Amendment. *Goshtasby* did not involve a claim under *Ex Parte Young*, and the case relied upon by *Goshtasby* — *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) — distinguished such claims:

> The doctrine of *Ex Parte Young*, which ensures that state officials do not employ the Eleventh Amendment as a means of avoiding compliance with federal law, is regarded as carving out a necessary exception to Eleventh Amendment immunity. Moreover, the exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, and has no application in suits against the States and their agencies, which are barred regardless of the relief sought. Rather than defining the nature of Eleventh Amendment immunity, *Young* and its progeny *render the Amendment wholly inapplicable to a certain class of suits. Such suits are deemed to be against officials and not the States or their agencies*, which retain their immunity against all suits in federal court.

*Id.* at 146 (emphasis added). In other words, *Ex Parte Young* employed a "chameleon-like legal fiction, reasoning that when a state official violates the federal Constitution, that official is 'stripped of his official or representative character' and thus also of any immunity defense." *McDonough Assoc., Inc. v. Grunloh*, 722 F.3d 1043, 1050 (7th Cir. 2013).

In finding that the plaintiffs' complaint "rather easily states a claim under *Ex Parte Young*," the Court conducted a "straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Decision and Order at 12-13 (quoting *McDonough* at 1051). This ruling did not conclusively determine that the Eleventh Amendment is "wholly inapplicable." Nor is that issue completely separate from the merits. Instead, the issue is indelibly related to the merits of the plaintiffs' pursuit of injunctive relief. If the defendants are violating the plaintiffs' constitutional rights, the Eleventh Amendment does not apply and the plaintiffs are entitled to injunctive relief. Since the essence of the plaintiffs' claim is that the defendants are "stripped" of their "official or representative character" by violating the constitution, the Court's denial of the defendants' motion to dismiss is not immediately appealable. *See Ruffino v. Sheahan*, 218 F.3d 697, 700 (7th Cir. 2000); *Feldman v. Bahn*, 12 F.3d 730, 732 (7th Cir. 1993) (dismissing interlocutory appeal because official-capacity defendants share the State's "imperviousness to damages" and "are not at personal risk"); *see also Libby v. Marshall*, 833 F.2d 402, 406 (1st Cir. 1987) (because the state is subjected to the "not inconsiderable burden" of defending a *Young*-type suit, it "cannot be convincingly argued that the entitlement possessed by the state under the Eleventh Amendment is an entitlement not to stand trial").

The defendants also move for a discretionary stay pending appeal on the issues of qualified immunity, absolute immunity, and various abstention doctrines. From a

discretionary standpoint, the Court will not stay injunction proceedings pending appeal. For now, the Court will defer ruling on the defendants' motion to stay to the extent that it applies to non-injunction proceedings. The Court will also defer ruling on the plaintiffs' motion to certify the appeals as frivolous.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Francis Schmitz's motions to join the motion to stay [ECF No. 150] and for leave to file a reply brief in support of the motion to stay [ECF No. 165] are **GRANTED**;

2. Dean Nickel's motion to join the motion to stay [ECF No. 153] is **GRANTED**; and

3. The defendants' motion to stay injunction proceedings pending appeal [ECF No. 96] is **DENIED**. The parties should await further order from the Court regarding the injunction motion.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2014.

                                                **BY THE COURT:**

                                                */s/ Rudolph T. Randa*
                                                **HON. RUDOLPH T. RANDA**
                                                **U.S. District Judge**