# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

ERIC O'KEEFE and
WISCONSIN CLUB FOR GROWTH, Inc.,

       Plaintiffs,

      -vs-

FRANCIS SCHMITZ, in his official and personal
capacities,

JOHN CHISHOLM, in his official and personal
capacities,

                          **Case No. 14-C-139**

BRUCE LANDGRAF, in his official and personal
capacities,

DAVID ROBLES, in his official and personal
capacities,

DEAN NICKEL, in his official and personal
capacities, and

GREGORY PETERSON, in his official capacity,

       Defendants.

## DECISION AND ORDER

This matter comes before the Court on the plaintiffs' motion to certify the

defendants' appeals from the Court's April 8, 2014 Decision and Order as frivolous.

Specifically, the plaintiffs request certification regarding the defendants' appeal of the

Court's ruling on sovereign immunity, qualified immunity, and absolute

(prosecutorial) immunity.

Previously, the Court deferred ruling on this motion. The Court did so because it was satisfied that the Court had jurisdiction to consider the plaintiffs' motion for a preliminary injunction, even in spite of the defendants' appeals. ECF No. 171, May 1, 2014 Decision and Order Denying Motion to Stay.[1] In so doing, the Court noted that it was "inclined to agree that the appeals are frivolous, especially as [they] pertain to the defendants' argument that the plaintiffs somehow failed to state a claim under *Ex Parte Young*, [209 U.S. 123 (1908)]." May 1 Decision and Order at 1.

Days later, on May 6, the Court granted the plaintiffs' motion for a preliminary injunction. ECF No. 181. On May 7, the Seventh Circuit Court of Appeals stayed the Court's injunction and directed the Court to rule on the plaintiffs' motion to certify as it relates to the *Ex Parte Young* claim.

In *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), the Seventh Circuit described a procedure wherein the district court can certify a collateral-order appeal as frivolous. In such situations, district courts "are not helpless in the face of manipulation," and the notice of appeal does not transfer jurisdiction to the court of appeals. *Id.* at 1339. "Such a power must be used with restraint, . . . But it is there, and it may be valuable in cutting short the deleterious effects of unfounded appeals." *Id.*

The defendants argued that they are entitled to sovereign immunity "to the

---

[1] The Court also deferred ruling because defendants' qualified and absolute immunity arguments do not impact the plaintiffs' request for injunctive relief. ECF No. 83, April 8 Decision and Order at 14.

extent that O'Keefe seeks injunctive relief against them in their official capacity." The Court held that this argument was "simply wrong. O'Keefe's complaint rather easily states a claim under *Ex Parte Young*. 'In determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" ECF No. 83, April 8 Decision and Order at 13-14. In other words, the complaint clearly alleges that the defendants are engaged in an ongoing violation of federal law (retaliation against plaintiffs' First Amendment-protected advocacy) and seeks prospective relief (that the defendants be forced to stop). *All* of the defendants (save Judge Peterson) are participants in this ongoing deprivation. The complaint clearly states as such.

For example, Francis Schmitz argues that the complaint fails to explain how he is "involved" in any ongoing deprivations. But Schmitz is the *appointed leader* of the investigation. Even if he's just a figurehead, Schmitz is clearly "involved." Schmitz further disclaims any retaliatory motive, but as the Court explained in its injunction order, such a finding is not necessary for the entry of injunctive relief. ECF No. 181 at 21. Similarly, John Chisholm, Bruce Landgraf, and David Robles (the Milwaukee Defendants) complain that they are "entitled to an explanation as to how plaintiffs' complaint seeks relief that is properly-characterized as prospective with respect to them specifically." ECF No. 158. The Court is left to wonder if the Milwaukee Defendants actually read the complaint because the complaint does seek relief that is

- 3 -

properly characterized as prospective with respect to them specifically.[2]

Indeed, that the plaintiffs "rather easily" stated a claim under *Ex Parte Young* is confirmed by the Court's subsequent grant of prospective, injunctive relief. The Court has no idea why the defendants even attempted to raise this issue as a defense. It is, as the plaintiffs argue, the height of frivolousness.

To be clear, the Court is absolutely convinced that the defendants' attempt to appeal this issue is a frivolous effort to deprive the Court of its jurisdiction to enter an injunction. To recap prior proceedings, the Court allowed the parties to brief certain prefatory issues in advance of a ruling on the plaintiffs' motion for injunctive relief. The defendants raised a variety of issues in their motions to dismiss, including, for example, that the Court lacks jurisdiction under various abstention doctrines. *See generally*, April 8 Decision and Order. The Court rejected all of those arguments, and the defendants are entitled to pursue those arguments on appeal. The Court's forbearance in allowing the defendants to raise these issues cannot and should not deprive the Court of jurisdiction to enter an injunction in this case.

Nothing required the Court to even consider a motion to dismiss arguing that the plaintiffs failed to state an *Ex Parte Young* claim prior to issuing an injunction. Indeed, the Court could have deferred ruling on the defendants' argument until after the Court actually issued an injunction. More precisely, the Court could have ruled on

---

[2] The Court also notes that the plaintiffs have a colorable waiver argument with respect to the Milwaukee Defendants on this issue. ECF No. 156, footnote 4. Dean Nickel did not raise the issue at all.

- 4 -

the issues simultaneously, which is what the Court actually did when it granted the plaintiffs' motion for a preliminary injunction. Such an arrangement obviously would not have deprived the Court of jurisdiction in the event of a subsequent appeal.

If anything, the emergency nature of the plaintiffs' request for injunctive relief demanded that the Court should have immediately proceeded to the merits of the plaintiffs' injunction motion. Instead, the Court accommodated the defendants' request for extensive briefing on other issues before considering the injunction motion. In that respect, the Court's self-imposed, April 11 deadline to issue a ruling[3] was meant to trigger further briefing on the injunction motion in the event the motions to dismiss were denied. It was not meant as an opportunity to dodge the Court's jurisdiction.[4]

Regarding qualified and absolute immunity, the Court's view and understanding is that the appeals on these issues do not divest the Court of jurisdiction over the *Ex Parte Young* claim. Also, the Seventh Circuit's order does not direct the Court to consider this aspect of the plaintiffs' motion.[5] However, for the sake of completeness, and as requested by the plaintiffs, the Court finds that these appeals are also frivolous.

---

[3] ECF Nos. 62 and 63 (March 13 Scheduling Order).

[4] Moreover, as previously stated, the Court does not believe that the defendants' appeals on this issue deprived the Court of jurisdiction, even in the absence of the requested certification.

[5] The Court also notes that it does not intend to proceed on the plaintiffs' damages claims while this case is pending on appeal. *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000).

As to qualified immunity, the Court held the plaintiffs stated plausible claims for relief against each of the defendants, and that "the defendants cannot seriously argue that the right to express political opinions without fear of government retaliation is not clearly established." April 8 Decision and Order at 17. The defendants do not dispute that this right is clearly established. Instead, the defendants attempt to reframe the issue by arguing that the right to coordinate issue advocacy speech is not clearly established. But even if that assertion is true, the defendants would still have to defend against the general thrust of the plaintiffs' claim that they were targeted by the defendants because of their conservative viewpoints. This issue, and many others, would be left for consideration after remand. Thus, the issue appealed by the defendants would not "conclusively determine[]" their "claim of right not to stand trial on the plaintiff's allegations." *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985).

As to absolute immunity, the Court held that the prosecutor-defendants are not entitled to this defense because of their admission that the John Doe proceeding seeks "information necessary to determine whether probable cause exists that Wisconsin's campaign finance laws have been violated." April 8 Decision and Order at 15. A prosecutor "does not enjoy absolute immunity before he has probable cause." *Whitlock v. Brueggemann*, 682 F.3d 567, 579 (7th Cir. 2012). The defendants are not entitled to a "status" immunity simply because they are prosecutors. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (courts look to the "nature of the function performed, not the identity of the actor who performed it . . .").

- 6 -

Therefore, the plaintiffs' motion to certify the defendants' appeals as frivolous [ECF No. 155] is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to the Seventh Circuit Court of Appeals.

Once again, the plaintiffs' motion for a preliminary injunction [ECF No. 4] is **GRANTED**. The reasoning in the Court's May 6 Decision and Order [ECF No. 181] is incorporated by reference.[6]

Dated at Milwaukee, Wisconsin, this 8th day of May, 2014.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

---

[6] Obviously, the defendants are not required to comply with the "return-and-destroy" aspect of the Court's injunction, as explained in the Seventh Circuit's order.