**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

ERIC O'KEEFE and
WISCONSIN CLUB FOR GROWTH, Inc.,

       Plaintiffs,

-vs-

FRANCIS SCHMITZ, in his official and personal
capacities,

JOHN CHISHOLM, in his official and personal
capacities,

BRUCE LANDGRAF, in his official and personal
capacities,

DAVID ROBLES, in his official and personal
capacities,

DEAN NICKEL, in his official and personal
capacities, and

GREGORY PETERSON, in his official capacity,

       Defendants.

Case No. 14-C-139

## DECISION AND ORDER

This matter comes before the Court on Francis Schmitz's motion to clarify the scope of the Court's injunction. On May 6, and then again on May 8, the Court granted the plaintiffs' motion to "preliminarily enjoin Defendants Chisholm, Landgraf, Robles, Nickel and Schmitz from continuing to conduct the John Doe investigation . . . The Defendants must cease all activities related to the investigation, return all property

seized in the investigation from any individual or organization, and permanently destroy all copies of information and other materials obtained through the investigation." May 6 Decision and Order at 25-26, ECF No. 181. On May 7, the Seventh Circuit stayed the "return and destroy" portion of the Court's injunction, further ordering the defendants "not to disclose or use the information they have gathered . . ." ECF No. 201.

First, Schmitz asks the Court to clarify whether the operative language in the Court's injunction – that the defendants "must cease all activities related to the investigation" – may be construed to enjoin Schmitz from all activities related to on-going state court proceedings that arise from the John Doe proceedings and in which Schmitz is a named party. *See, e.g., State of Wisconsin ex rel. Francis Schmitz v. Honorable Gregory Peterson, et al.*, (2014AP000417-W, 2014AP000418-W, 2014AP000419-W, 2014AP000420-W, 2014AP000421-W); *State of Wisconsin ex rel. Three Unnamed Petitioners v. Francis D. Schmitz, et al.* (2013AP2504-W, 2013AP2505-W, 2013AP2506-W, 2013AP2507-W, 2013AP2508-W); *State ex rel. Two Unnamed Petitioners v. Francis D. Schmitz, et al.* (14AP296-OA). The injunction bars any attempt by Schmitz (or any other defendant) to obtain compliance with any order, subpoena, or other process issued in furtherance of the investigation, but it does not extend to legal proceedings, including these federal court proceedings, that do not seek to enforce such compliance.

Second, Schmitz requests clarification as to whether the Court's injunction

encompasses discussions with counsel for individuals and organizations that were subjects of the John Doe investigation and that are parties in the state-court proceedings. Obviously, the Court's injunction does not prevent *all* discussions with subjects of the John Doe investigation. For example, plaintiffs advised Schmitz that he should provide all targets and subpoenaed parties with a copy of the Court's injunction so those parties would understand their rights (Schmitz apparently refused). The order of this Court and that of the Seventh Circuit offers clear guidance as to the parameters of the injunction. In the absence of any further information regarding the content and import of "discussions" that may violate the Court's clear directives, it is impossible for the Court to offer further clarification at this time.

Schmitz's motion for clarification [ECF No. 227] is **GRANTED-IN-PART** and **DENIED-IN-PART**, consistent with the foregoing opinion. Schmitz is further ordered to provide all targets and subpoenaed parties with a copy of the Court's injunction.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2014.

**SO ORDERED:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**
